UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABE MACK, JR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-00296 |
| | § | |
| DEERE & COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Abe Mack seeks to hold Defendants liable for back pain he attributes to his John Deere Z425 Ztrak lawnmower.  Mack alleges that he experienced sudden back pain while using the lawnmower in July 2010 and has suffered from various back problems since.  He alleges product defect, negligence, and breach of warranty claims against Defendants Deere & Company, the manufacturer, and Shoppa's Farm Supply, the retailer who sold the mower.

Defendants filed a motion for summary judgment seeking dismissal of all of Mack's claims.  Despite multiple deadline extensions, including one granted *sua sponte* by the Court, Mack has failed to file a response.  Based on the evidentiary record before the Court, Defendants' Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

## I.   BACKGROUND

Mack, who is 78 years old, bought the John Deere Z425 Ztrak mower from Shoppa's in May 2009.  Shoppa's subsequently replaced the mower's arm rest and performed routine maintenance on the mower.  Mack's complaint alleges that in July 2010, while using the mower "for the purpose and in the manner for which it was intended to be used," Mack "suddenly experienced severe back pain."  Docket Entry No. 1-2 at 14–15 (Pl. First Am. Original Pet.).  He has continued to suffer from "sciatica pain, lumbar radiculopathy, L3-4 disk bulge, L5-S 1 disk bulge, disk extrusion and nerve impingement."  *Id.* at 5.  He seeks $350,000 in damages for medical expenses, pain and suffering, physical impairment, loss of earnings, and mental anguish.  *Id.* at 19–20.

Mack's complaint alleges that his back injuries resulted from the "negligent and faulty manufacture and design and marketing" of the mower.  *Id.* at 15.  In particular, he claims that the mower was defective and unsafe because it lacked "a suitable suspension system . . . to absorb and transfer the impact forces around the operator" and it "was designed and manufactured without providing a seat and riding compartment . . . so as to protect the operator from bodily injury as suffered by the Plaintiff.  *Id.*  He also generally alleges breach of express and implied warranties and negligent design claims against Defendants.

Mack filed this products liability lawsuit in Texas state court in July 2012, and Defendants removed it to federal court in October 2012 based on diversity jurisdiction.[1]   28 U.S.C. §1332(a); Docket Entry No. 1 at 1–2.   Despite the technical nature of his product defect and injury claims, Mack did not designate experts by his deadline or even to this day.

On August 9, 2013, Defendants filed their motion for summary judgment. Docket Entry No. 17.   Mack missed the original response deadline, but defense counsel then discovered that Mack's counsel was not signed up for electronic notification (as the Southern District of Texas requires) and mailed a certified copy of the motion on September 5.  *See* Docket Entry No. 18.  The Court then allowed Mack the normal 21-day response time tied to the date on which the motion was served the old-fashioned way, but he again failed to respond.   After this second missed deadline, the Court *sua sponte* notified the office of Mack's counsel that it would extend the response deadline a final time to October 11.  *See* Oct. 15, 2013 Docket Entry.   Almost a month has passed since that date, and Mack has still not filed a response.   In light of this failure to take advantage of the Court granting

---

[1] Defendant's argued in the notice of removal that although Shoppa's is a Texas resident, it was improperly joined.  Plaintiff never disputed that, effectively conceding that there is no viable claim against Shoppa's given the improper joinder standard requiring "that there [be] no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

more continuances than grace requires, the Court now considers Defendants'
Motion for Summary Judgment without a response.

## II.   DISCUSSION

### A. Standard of Review

When a party moves for summary judgment, the reviewing court shall grant
the motion "if the movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a).  After the moving party has met its initial burden, the burden shifts to the
non movant to establish the existence of a genuine issue for trial. *See Matsushita
Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87 (1986); *Wise v.
E.I. DuPont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  A dispute about
a material fact is genuine "if the evidence is such that a reasonable jury could
return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 248 (1986).  All reasonable doubts on questions of fact must be resolved
in favor of the party opposing summary judgment.  *See Evans v. City of Houston*,
246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

A court may not grant summary judgment simply because a nonmovant fails
to respond, but the court may decide the merits of the case based on a defendant's
motion and supporting evidence.  *See Parish v. Werner Co.,* 2006 WL 734418, at
*1 (S.D. Tex. Mar. 20, 2006); *Eversley v. MBank Dallas,* 843 F.2d 172, 173–74

(5th Cir. 1988) (affirming the district court's acceptance of the facts in the defendant's motion for summary judgment as undisputed when the nonmovant failed to submit a response).

**B. Shoppa's Nonmanufacturing Seller Defense**

Texas law "provides blanket protection for nonmanufacturing sellers of products from liability for injuries caused by a defective product unless one of the specified exceptions appl[ies]." *Garcia v. LG Electronics USA Inc.*, 2011 WL 2517141, at *2 (S.D. Tex. June 23, 2011); *see* Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(1)–(7) (West 2013).  The plaintiff has the burden of proving that one of the exceptions to this "blanket protection" applies.  *See* § 82.003(a) ("A seller that did not manufacture a product is not liable for harm caused to the claimant by that product *unless the claimant proves* [one of the seven exceptions.]") (emphasis added); *Gonzalez v. Estes, Inc.*, 2010 WL 610778, at *4 (W.D. Tex. Feb. 19, 2010).  The exceptions include situations in which the seller participated in the design of the product, exercised substantial control over the content of an inadequate warning that caused the harm, or had actual knowledge of a product defect.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(1), (4) and (6).

All of Mack's claims against Shoppa's arise from alleged defects in the original mower rather than anything arising from the arm rest Shoppa's replaced or the routine maintenance it performed.  Mack has not offered evidence that a

specific statutory exception applies or even alleged the applicability of an exception in his complaint.  Accordingly, summary judgment is appropriate for all claims against Shoppa's as a nonmanufacturing seller.

### C. Product Defect Claims

Mack asserts strict liability claims based on three alleged product defects: design defect, manufacturing defect, and marketing defect.

### i.  Design Defect

Under Texas law, a plaintiff asserting a design defect claim must establish that: (1) the product was unreasonably dangerous because of its defective design; (2) there was a safer alternative design; and (3) the defect was a producing cause of the plaintiff's injuries.  Tex. Civ. Prac. & Rem. Code Ann. § 82.005 (West 2013); Restatement (Second) of Torts § 402A; *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003).  "[A] specific defect must be identified by competent evidence and other possible causes must be ruled out." *Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 137 (Tex. 2004). Furthermore, "[t]he mere fact that an accident occurred is not sufficient proof that the [product] was defective." *Romo v. Ford Motor Co.*, 798 F.Supp.2d 798, 809 (S.D. Tex. 2011) (quoting *Hernandez v. Nissan Motor Corp. in U.S.A.*, 740 S.W.2d 894, 895 (Tex.App.—El Paso 1987, writ denied)).

Mack has not proposed any safer alternative designs nor submitted evidence to establish that any design defect caused his back injuries.  Therefore, Defendants are entitled to summary judgment on the design defect claims.

### ii.  Manufacturing Defect

A manufacturing defect exists when a "product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Purcel v. Advanced Bionics Corp.*, 2010 WL 2679988, at *8 (N.D. Tex. June 30, 2010) (quoting *BIC Pen Corp. v. Carter*, 251 S.W.3d 500, 509 (Tex. 2008)).  The mere fact that a product failed is insufficient to establish a manufacturing defect. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006).

Mack has not produced any evidence that the lawnmower he used deviated in the terms of its quality or construction from the manufacturer's specifications in a way that rendered it unreasonably dangerous.  Therefore, summary judgment is also warranted on the manufacturing defect claim.

### iii.  Marketing Defect

 "A product may be unreasonably dangerous if a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous." *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 427

(5th Cir. 2001) (internal quotation marks omitted) (*quoting Coleman v. Cintas Sales Corp.*, 40 S.W.3d 544, 549 (Tex. App.—San Antonio 2001, pet. denied)). To recover based on the inadequacy of a warning, a plaintiff must show that adequate warnings would have made a difference in the outcome; that is, that the warnings would have been followed. *See Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993).

A marketing defect claim presumes that the product can be made reasonably safe with proper instructions or warning. The issue of a warning becomes irrelevant, however, when a plaintiff contends, as Mack does, that defendants should have warned customers of alleged design defects in the product. Texas courts consistently recognize that plaintiffs are not entitled to simply "restat[e] the design defect claim" as a marketing defect claim. *See, e.g.*, *Hernandez v. Ford Motor Co.,* 2005 WL 1693945, at *1–2 (S.D. Tex. July 20, 2005) (granting summary judgment for defendant because plaintiffs' claim merely restated design defect claim and did not establish causation); *Lujan v. Tampo Mfg. Co., Inc.*, 825 S.W.2d 505, 510 (Tex. App.—El Paso 1992, no writ) (granting summary judgment for manufacturer because plaintiff's claim that the manufacturer should have warned of the absence of a safety device merely restated the manufacturing and/or design defect claims).

Mack's design and marketing defect claims are based on the same defect allegations.  A finding of no design defect thus also disposes of Mack's marketing defect claims.  However, even as an independent claim, the marketing defect claim fails because Mack has not criticized the specific warnings and instructions accompanying the mower nor demonstrated that an alternative warning would have prevented the alleged injuries in this case.  Accordingly, Mack's marketing defect claim is dismissed.[2]

### D. Breach of Warranty Claims

The Court next addresses the three breach of warranty claims Mack asserts in his complaint: implied warranty of merchantability, implied warranty of fitness for a particular purpose, and express warranty.

### i.  Implied Warranty of Merchantability

A breach of implied warranty of merchantability exists if the product was defective when it left the manufacturer's or seller's possession and it was unfit for the ordinary purposes for which the product is used.  *See* Tex. Bus. & Com. Code Ann. §2.314 (West 2013); *Parish*, 2006 WL 734418, at *3.  "A product which

---

[2] Mack also alleges that the Defendants' negligence proximately caused his injuries.  However, this negligence claim presents the same factual question as the strict liability defect claims— whether the mower was defective in some way that caused injury to the Plaintiff.  Texas courts have recognized that liability for negligence cannot be imposed if a product is not defective because a manufacturer should not be held liable for failing to exercise ordinary care when producing a product that is not defective.  *See Toshiba International Corp. v. Henry*, 152 S.W.3d 774, 784–85 (Tex. Civ. App.—Texarkana 2004, no pet.) (citing *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257(5th Cir. 1988)).

performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like, or even as well as it could." *See Gen. Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998). Defendants are entitled to summary judgment on the breach of implied warranty claim because there is no evidence that the mower or its seat did not perform their ordinary function adequately.

### ii.  Implied Warranty of Fitness for a Particular Purpose

A warranty of fitness for a particular purpose arises if the seller has reason to know of a particular "non-ordinary" purpose for which the goods are acquired and if the buyer was relying on the seller's skill or judgment to select or furnish suitable goods. Tex. Bus. & Com. Code Ann. §2.315; *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F.Supp.2d 756, 786 (N.D. Tex. 2006); *Sipes v. Gen. Motors Corp.*, 946 S.W.2d 145, 158 (Tex. App.—Texarkana 1997, writ denied). Here, there is no evidence that Mack acquired this mower for a non-ordinary purpose nor that Defendants had reason to know of that purpose. Defendants are therefore entitled to summary judgment on this claim.

### iii.  Express Warranty

The elements of breach of an express warranty are an express affirmation of fact or promise by the seller relating to the goods that is part of the basis of the bargain on which the plaintiff relied, goods that fail to comply with the

affirmations of fact or promise, and injuries proximately caused by that failure. *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex. App.—Austin 2002, pet. denied). While Mack's complaint generally alleges that Defendants breached express warranties, it does not identify any particular express warranties made.  Nor has Mack produced any evidence of such an express warranty, that he relied on any such representation, that the mower failed to comply with any such representation, or that he sustained injuries as a result of that failure. Thus, summary judgment in favor of the Defendants is again appropriate.

## III.  CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.  A separate order entering final judgment in this case will issue.

**SIGNED** this 6th day of November, 2013.

_____
Gregg Costa
United States District Judge